## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARIE WOODY,**

       **Plaintiff,**

    **v.**                         **No.**_____

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

### COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
### FOR DAMAGES CAUSED BY NEGLIGENCE

    Plaintiff, Marie Woody, avers for her complaint the following:

    1.    Plaintiff brings this civil action for compensatory damages arising from the negligence of personnel at the Northern Navajo Medical Center ("NNMC") located in Shiprock, New Mexico, a facility operated by the United States and the Indian Health Service.

### JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT

    2.    Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

    3.    Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

    4.    The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

    5.    Federal employees include, but are not limited to, employees of the Indian Health Service and the Northern Navajo Medical Center ("NNMC").

6.      At all times material to this case defendant United States controlled, owned, and operated NNMC.

7.      NNMC provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

8.      At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff at NNMC, including the ability to diagnose medical problems and to perform surgery, including gall bladder surgery.

9.      Plaintiff presented to the Department of Health and Human Services in September, 2012, a timely administrative claim under the FTCA alleging negligence by federal employees at NNMC in the provision of medical care to plaintiff.

10.      Defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

11.      By law, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiff is then authorized to file a lawsuit against the United States.

12.      Defendant denied Ms. Woody's federal tort claim on February 6, 2014.

13.      Plaintiff has now exhausted her administrative remedies as required by the FTCA.

14.      Plaintiff is authorized by statute to file this action in the United States District Court for the District of New Mexico.

15.      Plaintiff is a tribal member of the Navajo Nation. At all times material hereto, she resided near Rock Point, Arizona.

16.     Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

17.     On or about September 15, 2010, plaintiff underwent abdominal surgery at NNMC. She had been evaluated and examined in the days prior to surgery for the purposes of diagnosis and treatment.

18.     The primary reason for plaintiff's surgery was to remove her gallbladder, which doctors at NNMC concluded had become diseased.

19.     During the surgery, referred to generally as a cholecystectomy, one or more of the NNMC staff involved in the surgery (involved staff) negligently injured and caused damage to plaintiff's common bile duct, and possibly other internal anatomy.

20.      Involved staff negligently damaged one or more ducts in the biliary tree.

21.     The main function of the biliary tree, including the common bile duct, is to carry bile and other digestive substances to the duodenum.

21.     The common bile duct is vital to a healthy liver.

22.     At the time of plaintiff's surgery, involved surgery staff negligently caused injury. In addition, they negligently failed to realize there was an injury, and they failed to locate and repair the injury.

23.      After being operated on, plaintiff experienced a bile leak, i.e., bile spilling into the abdominal cavity.

24.     After being discharged, plaintiff returned to NNMC due to pain and other symptoms suggestive of bile spilling into the abdomen.

25.     Plaintiff was then sent to Mercy Regional Medical Center in Durango, Colorado for a diagnostic procedure called Endoscopic Retrograde

Cholangiopancreatogram (ERCP) to try to determine the nature and source of plaintiff's pain and other symptoms. The ERCP showed a complete obstruction at the clip which was on the common bile duct.

26.     After being evaluated at Mercy Regional Medical Center in Durango, Colorado plaintiff was returned to NNMC.

27.     NNMC then transferred plaintiff to the University of New Mexico Hospital in Albuquerque, New Mexico for further care. UNMH determined that plaintiff needed a surgical procedure to repair the bile duct injury, and the surgery was not able to be performed at UNMH.

28.     Plaintiff was then transferred to the Mayo Clinic in Scottsdale, AZ for the surgical repair of the injury to the common bile duct.

29.     Plaintiff remained hospitalized at the Mayo Clinic for many days and had to undergo further surgeries and receive further medical care due to the negligence at NNMC.

30.     Plaintiff continues to experience health problems and symptoms caused by the negligently performed surgery at NNMC and the negligent failure to identify and repair the injury inflicted on plaintiff.

## CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION

31.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of this count.

32.     The United States is legally responsible for the negligent actions of its employees, including employees of NNMC, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

33.     The involved staff who participated in the surgery performed on plaintiff at NNMC were employees of the Indian Health Service at the time of Ms. Woody's gallbladder surgery.

34.     Those employees were on the job performing job-related duties for NNMC at the time they caused Ms. Woody's injury.

35.     The United States is liable for the negligent acts and omissions of NNMC staff in their handling of Ms. Woody's care while she was a patient at NNMC, including during the time Ms. Woody was getting diagnosis and treatment prior to, during, and after her surgery on September 15, 2010.

36.     The involved staff had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

37.     The involved staff breached the duty of reasonable care owed to Ms. Woody and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a)      during the cholecystectomy carelessly damaging plaintiff's biliary system;

b)      failing during surgery and post-operatively, and in the days subsequent to the surgery, to identify and repair in a timely manner the injury caused to plaintiff;

c)      negligently failing to obtain the informed consent of the plaintiff or offering alternatives to surgery at NNMC;

d)      negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and related fields while performing or engaged in surgery, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

38.     The negligent actions and omissions of employees of the United States in failing safely and properly to provide Ms. Woody with surgical and medical care at NNMC on and about September 15, 2010, caused injury and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual guilty of the same negligence.

39.     At all times material hereto, Ms. Woody was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of NNMC and involved staff, dependent upon the government, the hospital, and the hospital staff for her safety and medical care.

40.     Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and safe medical care for Ms. Woody, which gives rise to a negligence cause of action against defendant, as laid out herein.

41.     As a direct and proximate result of the negligence of defendant United States and its employees, Ms. Woody suffered serious injury and harm.

**DAMAGES**

42.     Under the FTCA and the law of the place of the wrong, the State of New Mexico, plaintiff is entitled to compensatory damages for her losses, both special and

general, including nature, duration, and extent of injury, past and future medical expense, loss of earning capacity, non-medical expense incidental to her injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, disfigurement and scarring, and future damages caused by the negligence of the United States. Defendant United States is liable to plaintiff for her losses and she hereby claims a right to recover all allowable damages recognized by New Mexico law, whether specifically mentioned herein or not.

## **CONCLUSION**

**WHEREFORE,** plaintiff prays the court to enter judgment for her and to order that she be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as the court adjudges proper under the laws and rules that govern this case.

> BARBER & BORG, LLC
> P.O. Box 30745
> Albuquerque, NM 87190-0745
> 3816 Carlisle Blvd, NE Suite C (87107)
> (505) 884-0004
> (505) 884-0077 (fax)
> Email: scott@barberborg.com
>
> By_____ /s/ Scott E. Borg
> ATTORNEYS FOR PLAINTIFF