**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARIE WOODY,**

        **Plaintiff,**

                                        **No. 1:14-CV-00691-MV/LAM**

  **vs.**

**THE UNITED STATES OF AMERICA,**

        **Defendant.**

## MOTION TO COMPEL

Plaintiff served defendant with discovery at the end of January and defendant served its responses to the discovery on March 27, 2015. [Doc's 20, 25]. In the opinion of plaintiff, the discovery responses provided by defendant contain significant deficiencies, as set out below. Plaintiff, therefore, asks the court, pursuant to Rule 37, Fed. R. Civ. P., to enter an order that compels defendant to provide plaintiff with better and more complete discovery responses.

## BACKGROUND

On January 28, 2015, plaintiff served requests for production on defendant. (Doc. 20). On January 30, 2015, plaintiff served written interrogatories on defendant. (Doc. 21). Responses to plaintiff's discovery were due on March 2, 2015, and March 4, 2015 respectively. On March 2, 2015, defendant asked for additional time, until March 27, within which to answer all discovery. (Exhibit 1). Plaintiff was concerned that the defendant would not use the additional time to prepare complete discovery responses, but would take the time and then state numerous objections to the requested discovery, potentially disrupting the litigation schedule and putting plaintiff at a disadvantage

(plaintiff's expert disclosures were scheduled to be due on April 20, 2015, which would leave little time for plaintiff to have the discovery reviewed by an expert, especially if there was a disagreement over the discovery responses). (Exhibit 2). Plaintiff asked for some conditions to be met before agreeing to the additional time requested by opposing counsel. No agreement was reached and the defendant filed a motion for additional time on March 4, 2015 (Doc. 22), after defendant's responses to the requests for production were due (thus, they were late).  Plaintiff responded to this motion on March 18, 2015, reiterating a concern that the additional time would not result in better, more complete answers. (Doc. 23.) Defendant filed a reply to plaintiff's response on March 31, 2015; it served its discovery responses on March 27, 2015, effectively taking the opportunity to get an extension of time, at least for the interrogatories. (Doc. 26 and Doc. 25.) The court did not rule on the motion for additional time because discovery responses were served by defendant before the briefing was completed, so the motion was as least partially moot by the time it became ripe for decision. Defendant, as anticipated, objected to the majority of plaintiff's discovery requests, thereby leaving plaintiff at an unfair disadvantage, with plaintiff's expert witness disclosures due soon.

## LEGAL ARGUMENT

Defendant relies heavily on boilerplate objections, such as "overbroad" and "unduly burdensome," adding frequently that the information sought is irrelevant and "is not likely to lead to the discovery of admissible information." Such general objections are unavailing, even if defendant provides some small amount of information while proclaiming it is not "waiving its objections." This is well-established law as to discovery.

Repeatedly, too, in boilerplate fashion, defendant refuses to give a complete

response for a distinctly different reason, i.e., stating that plaintiff "does not allege that care provided by [the subject of the discovery request] was below the standard of care or in any manner contributed to [p]laintiff's damages." In effect, defendant refuses to give information about persons who are not specifically alleged to have been at fault, despite the fact that they might have discoverable information. A discovering party is not limited only to requesting information specifically about the person alleged to be at fault.

A third method by of responding used by defendant is to avoid giving straight-forward answers, by directing the plaintiff to over 1500 pages of documents, with no guidance, without stating that the information sought is available in those documents, and without stating where complete answers can be found within the documents. Although an answering party can direct a discovering party to documents where there the requested information can be found, doing so requires a showing that the burden is not any heavier for the inquiring party and that the information sought can be found be found in specified records. Otherwise, this way of responding is insufficient. Rule 33(d), Fed. R. Civ. P.

These comments are generally applicable to several of defendant's discovery responses, as further discussed below.

The overwhelming majority of the courts addressing generic, boilerplate objections have concluded that a generic, boilerplate objection merely asserting the discovery request is "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evidence" is inadequate and should properly be overruled. *See, Burlington Northern & Santa Fe Railway Co. v. United States Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142,

1149 (9th Cir. 2005) ("boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *Williams v. Taser International, Inc.*, 2007 WL 1630875 at *3 (N.D. Ga. June 4, 2007) ("'Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery'").

Rather, objections to discovery must be sufficiently plain and specific to allow the court to understand precisely how the challenged discovery requests are alleged to be objectionable", *quoting U.S.C.F.T.C. v. Am. Derivatives Corp.*, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007); *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306-07 (N.D. Ill.1997) (rejecting "generic", "non-specific", "boilerplate" objections, to wit: the request is "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evidence" because "(a)n objection to a document request must clearly specify the objection and how that objection relates to the documents being demanded" and "(t)he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules."); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D. Conn. 2005) (overruling objections consisting of "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y.2005) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable, and will be overruled."); *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181,

190-91 (D. D.C. 1998) (rejecting the "standard, boilerplate," "blanket objections as to relevance [and] burdensomeness").

"The party opposing discovery 'must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.'", *quoting Chubb Integrated Systems Limited v. Nat'l Bank of Washington*, *supra*, 103 F.R.D. at 59-60); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("mere recitation of familiar litany that interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant" is improper to meet burden on producing party to "state grounds for objection with specificity"); *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980) (rejecting Defendant's "overly broad, burdensome, oppressive and irrelevant" objections because a Defendant "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden."); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D. N.Y. 1984) (in rejecting Defendant's objections the court stated defendant does no more than simply "intone [the] familiar litany that the [requests] are burdensome, oppressive or overly broad' thereby shirking its initial burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive.", *quoting Roesberg v. Johns-Mansville Corp.*, *supra*, 85 F.R.D. at 296-97.); *Swift v. USA Bank*, 1999 WL 1212561, *7

(N.D. Ill. 1999) (in compelling defendant to respond to plaintiffs' discovery requests, the court stated the defendants' "objections are essentially the same baseless, often abused litany (*i.e.* overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous, etc. …), the result of which is merely to delay discovery and the prosecution of this case by weeks, if not months. Further aggravating an already insufficient response, [defendant] fails to cite a basis for their boilerplate objection, in further violation of the Federal Rules of Civil Procedure, which require parties to specifically state the grounds and legal basis for objecting to discovery requests.").

INTERROGATORY ANSWERS

Plaintiff's Interrogatory No. 1 seeks information on the persons present in the operating room at the time of the surgery that gives rise to this action, and the persons who gave post-operative care. The defendant provided only partial information on the four persons it listed as being involved in the surgery and then flat out refused to identify any persons who provided post-operative care. Also, when asked by plaintiff to "identify" certain persons, the defendant was required by the definitions for the set of interrogatories to give the:

> "person's full name, present home address, last known business address, telephone number, business or occupation, employer, and job title."

Defendant did not comply with these simple instructions. Instead, rather than giving the information requested, defendant simply listed the Northern Navajo Medical Center as the home address and the facility's general front desk telephone number. The information provided is minimal and entirely inadequate. Finally, as a partial response,

defendant directed plaintiff to a large set of medical records, (exceeding 1,500 pages) without providing any more specific information, without stating that complete answers could be found therein, and without explaining how those records comply with the actual request for information.[1] In *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005), No. CIV 05-0277 JB/DJS (April 25, 2006), Judge Browning confronted an evasive answer to an interrogatory where a defendant was asked to "identify" by name, job title, address, and telephone number persons who had provided information to defendant about plaintiff and plaintiff's job performance. Another interrogatory asked defendant to "identify" every member of a committee and all persons who were present during two meetings. Judge Browning found the responses not to be fully responsive to the actual questions asked and he ordered that the two interrogatories be answered completely. He added that the defendant should provide addresses and telephone numbers for any witnesses. Similarly, the defendant should fully answer the question asked here without truncating the response.

Plaintiff's Interrogatory No. 2 asks the defendant about the educational and employment history of Dr. Laura Higgins, the doctor allegedly at fault. It also asks for information about her board certifications. The response provided by defendant is not adequate and does not contain all of the requested information. Two dates are stated: each date being when NNMC hired Dr. Higgins at two different times, but that is the entirety of the provided. Defendant also refers to a curriculum vitae for Dr. Higgins, but without any indication that the curriculum vitae is up to date or that it contains all of the information sought. Clearly it does not. Dr. Higgins was not under oath either, so the

---

[1] In its initial disclosures, defendant listed only one person, Dr. Laura Higgins, and failed to give a proper identification. (Exhibit 3). Defendant listed her address as in care of defense counsel.

accuracy of the answer cannot be counted on and defendant has not stated what it did to comply with the request and whether the CV is both up to date and complete. The response also fails to provide any information about board certifications.

Plaintiff's Interrogatory No. 3 specifically asks about board certifications and failed boards, but the only information defendant provided by defendant in response is the referenced CV, which does not identify any board certifications in specialties recognized by the American Board of Medical Specialties. The CV of Dr. Higgins provided by defendants says something about her being board eligible and something about being a Diplomate in 1981 as to some kind of entity listed as "National Boards," but without providing any information as to what that means. The defendant does not give a responsive answer, but only refers plaintiff to two documents, the CV and a Tennessee licensing document, both of which are non-responsive. The defendant's response to plaintiff's Interrogatory No. 3 is a complete failure.

Plaintiff's Interrogatory No. 4 asks defendant for Dr. Higgins experience and training in treating gall bladder disease and performing laparoscopic gall bladder surgery. The defendant objects to plaintiff's request on the basis that the request is "vague and ambiguous and overbroad." Defendant further adds that it retains the objection, but will provide a limited amount of information, and then it lists three "hands-on" courses taken by Dr. Higgins in the early 1990's, two at Vanderbilt University and one at Baptist Hospital Center for Medical Education, but fails to describe them with any detail. Also, defendant doesn't state that the courses it listed were only two days in length at Vanderbilt and one day at Baptist Hospital. Defendant doesn't identify any medical seminars or trainings in laparoscopic surgery since then, except a

preceptorship in 1991-1992. Defendant provides no content to any of the training experiences listed. Defendant also says Dr. Higgins was in private practice from 1992 to 2007, but no further content is provided about training, except to say that Dr. Higgins performed laparoscopic surgeries during that time. After Dr. Higgins joined the staff at NNMC in 2007, she must have had some training and/or annual medical seminars or specialty seminars? But no such information was provided by defendant in its responses to plaintiff's discovery requests.

Plaintiff's Interrogatory No. 6, asks defendant to "identify" persons with discoverable knowledge. Defendant objects to this interrogatory because it is overbroad and unduly burdensome, adding that plaintiff has the "burden of proof to prove the elements of her claims," ignoring that the primary purpose of discovery is to disclose information that will help a party prove her or his claim. This objection is obviously inadequate. Defendant then, without waiving its objections, refers to the Joint Status Report, although defendant listed only one person in its part of the Joint Status Report - Dr. Higgins, and then failed to give a proper identification.[2] Defendant also refers obliquely to its answer to plaintiff's Interrogatory No. 1, which, as discussed above, is inadequate. Finally, again citing Rule 33(d), defendant directs plaintiff to the large number of medical records produced, obviously an inadequate response. The records provided by defendant do not allow a complete identification of anyone. Defendant's apparent intent is to require plaintiff to wade through the large number of documents provided, and then garner inadequate information on employees of defendant that

---

[2] Plaintiff listed several persons in the Joint Status Report, based on information available to plaintiff at the time, but full identification was not feasible because many of the persons identified are or were employees of defendant. Defendant did not add any information about these people in the Joint Status Report or in the interrogatory answers. Doc. 6. Ironically, defendant refers to and adopts by reference the list made by plaintiff, apparently with the mistaken view that the list can serve as a satisfactory response from the defendant, obviating its own duty to provide identifying information.

defendant could readily identify. Defendant is continuing what it started in the Initial Disclosures and in the Joint Status Report, which is the withholding of discoverable information on flimsy grounds.

Plaintiff's Interrogatory No. 7 asks defendant to "identify in accordance with the definitions" stated in the preface to plaintiff's interrogatories persons who participated in plaintiff's care or provided care to plaintiff during her subsequent visits to NNMC, after her gall bladder surgery. Defendant objects on the grounds of the interrogatory being "overbroad and unduly burdensome," and defendant also claims that the interrogatory is objectionable because none of the people about whom identification is sought are alleged to have been at fault. Such boilerplate objections are invalid and it is completely irrelevant that plaintiff does not make allegations that any of these people were tortfeasors. They may have discoverable knowledge about damages, about plaintiff, about how plaintiff recovered from her injury, about what they observed of plaintiff during her follow-up visits, and they may have information that would be relevant to the alleged fault of Dr. Higgins. Defendant adds a reference to plaintiff's medical records, which, as discussed above, do not contain much identifying information of healthcare providers and staff at NNMC. Despite its objections, defendant lists Karen Cook, Bele Benally-Nelson, and Dahn Haven, as well as "Ultrasound Radiology," which is not a person. Defendant did not, however, provide complete and proper identification, as requested by plaintiff. By answering the interrogatory, albeit insufficiently, defendant waived its objections.

Interrogatory No. 8 asks about prior claims in any way involving or against Dr. Higgins pursuant to the Federal Tort Claims Act. Defendant objects on the basis of

relevancy, overbreadth, and undue burden, but then gives an answer that is obviously intended to be ambiguous. The answer is unresponsive, stating that the United States has not "paid a claim" because of Dr. Higgins's care. Again, the objections are waived and a complete and proper answer must be given. The interrogatory was not merely limited to claims made against Dr. Higgins and it did not even ask about payment of claims.

Interrogatory No. 9 asks who at NNMC and at other facilities Dr. Higgins spoke with about Marie Woody. The answer is obviously incomplete because, at a minimum, defendant does not list a single person at NNMC, where the subject surgery occurred. Defendant did not object to this interrogatory. It must be answered completely.

Interrogatory No. 10 asks for a statement of all "salient or significant facts" that Dr. Higgins believes show that she was not negligent in her treatment of plaintiff. Defendant objects in large part that plaintiff has the burden of proof, but that is a meaningless objection, as discussed above.  Despite objecting, defendant states only that 1) plaintiff signed a consent form, 2) elevated liver enzymes were found a day after the surgery, 3) NNMC does not have a properly skilled surgeon on staff to repair the injury inflicted on plaintiff, and 4) plaintiff was transferred to another facility for further evaluation. In addition, defendant makes the conclusory statement, devoid of factual content, that there was "no deviation from the standard of care." Significantly, defendant states no fact from the time of the surgery or even the day of the surgery that would suggest or tend to show that Dr. Higgins was not negligent. Dr. Higgins performed surgery on plaintiff's gall bladder and adjoining structures, and Dr. Higgins erroneously and negligently placed clips on the common bile duct, which should not have been

clipped, damaging the duct irreparably. Dr. Higgins failed to notice, before closing plaintiff up, that there was significant injury to the common bile duct. The mistake should not have occurred and the mistake should have been identified prior to the end of surgery. Given the defendant's answer, defendant cannot identify any facts to confute these allegations of plaintiff. That is fine, if defendant is prepared to concede liability. Defendant should not, however, be allowed to refrain from setting forth the facts asked for and then later try to develop facts never communicated to plaintiff in order to try to escape liability. Given this answer of defendant, it looks like partial summary judgment on liability is called for. Defendant should either answer fully or concede liability.

Interrogatory No. 11 asks about the comparative fault of other persons not employed by defendant. Defendant objects that the interrogatory is premature, but states, without waiving its objection, that the plaintiff may have been negligent and it refers only to the mass of medical records produced, without providing any specifics or guidance as to where the requested information may be found. Such a reference to a large amount of documents, only a small number of which might even be on-point, is clearly inadequate. The case law is abundantly clear that Rule 33(d) requires a lot more than defendant has provided.

Interrogatory No. 12 asks about why Dr. Higgins did not recognize the injury to the common bile duct, and defendant's only response was that the duct was not transected and there was no bile leak. That answer is not responsive. Dr. Higgins placed clips across the common bile duct, completely blocking the flow of bile and permanently damaging the duct. Her failure to identify the problem shows that she misidentified the anatomy and failed to recognize the common bile duct, which is a

basic error in performing gall bladder surgery. The defendant's answer fails completely to address the question. If defendant has no good answer it should just admit it.

Interrogatory No. 14 asks about the tenure of other surgeons who performed laparoscopic gall bladder surgery at NNMC whose tenure overlapped with that of Dr. Higgins. Defendant objected even to identifying anyone because there are no allegations of negligence against those persons. This is not an adequate objection. The interrogatory is very narrowly tailored and could only involve a few persons. Whether plaintiff alleges negligence by other biliary surgeons is irrelevant. They might have highly relevant information about Dr. Higgins and about what their experience was working with Dr. Higgins in treating patients with gall bladder disease. They might even have heard Dr. Higgins make incriminating statements about her negligent performance of plaintiff's surgery. It is quite strange that defendant refuses even to identify co-workers who may have been very knowledgeable about Dr. Higgins and her abilities.

"[I]t is common practice for a party to assert boilerplate objections and then state that "notwithstanding the above," the party will respond to the discovery request, "subject to or without waiving the objection." Such an objection and answer preserves nothing and wastes the time and resources of the parties and the court. *Consumer Elec. Assoc.,* 2008 WL 4327253 at *3. Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request. *See Civ. Disc. Standards,* A.B.A. Sec. Lit. 24 (2004*)." Martin, v. Zale Delaware, Inc. d/b/a Gordon's Jewelers,* 2008 WL 5255555 *2 (M.D. Fl.). You either have a sustainable objection or you do not. You cannot have it both ways. *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that "[w]henever an answer accompanies an

objection, the objection is deemed waived, and the answer, if responsive, stands."). *See also,* Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection." The above reasoning is sound policy. In the absence of such a rule a party could produce whatever they want to and withhold other relevant, responsive information without the opposing party having any inkling that relevant knowledge is being withheld.

In answering and objecting to several interrogatories, defendant simply directs plaintiff to defendant's voluminous production of documents to find the answer for herself. While it is clear that Rule 33(d) permits a party to incorporate business records into a response, such incorporation by reference is only proper under limited circumstances.

In order to invoke the rule legitimately, the producing party must demonstrate its compliance with two requirements. First it must identify where the information may be found in the records. Second it must establish that the burden of obtaining the information is substantially the same. When a party invokes Rule 33(d), it must first affirm "that the information sought by the interrogatory in fact is available in the specified records," represent "that the information is in the designated records," and must "specify where in the records it can be found." Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2178.

Second, a responding party must demonstrate that answering the interrogatory in the traditional manner would impose a burden on it. The responding party must show that the burden of compiling the information is substantially the same for the inquiring and the responding parties. As Wright & Miller explain, this "means, at a minimum, that

14

the responding party is representing that it would have to glean the information from the designated records; if another more convenient method for obtaining the information exists it should be used." Id; *Mooney v. City of Dearborn*, 2008 WL 4539513 (E.D. Mich. 2008). Thus, in order to properly invoke Rule 33(d), defendant must provide sufficient information to demonstrate the burden presented to the parties, and that these same means are equally available to the propounding party.

The corollary to these requirements is that a responding party may not simply refer generically to past or future production of documents; instead it must identify in its answer the specific documents that contain the answer. *DL v. District of Columbia,* 251 F.R.D. 38, 49 (D.D.C. 2008). Further, the responding party may produce business records to answer part of an interrogatory only if it fully answers the other parts. *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 305 (D.Kan.1996). A party who chooses to answer an interrogatory by making business records available must specify the records from which the answer may be derived or ascertained in sufficient detail to allow the interrogating party to locate and to identify the records. *Doe v. National Hemophilia Foundation*, 194 F.R.D. 516 (D. Md. 2000).

This rule has been fairly recently summarized by the Federal Claims Court:

> Since adoption of the amendment, federal courts have strictly construed the rule to require a responding party to specifically direct the requesting party to the documents which contain the answer to the interrogatory. *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983); *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 322-23 (C.D.Cal. 2004); *SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 490-91 (W.D.N.C. 1998); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal. 1996); *Blake Assocs., Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 288 (D.Mass. 1988); *Colo. ex rel. Woodard v. Schmidt-Tiago Constr. Co.*, 108 F.R.D. 731, 735 (D.Colo. 1985); *Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D.

263, 266 (E.D.N.C. 1985). A simple offer to produce unspecified documents or a general reference to a pile of documents will not suffice. *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan.1996); *Matthews v. USAir, Inc.*, 882 F.Supp. 274, 275 (N.D.N.Y. 1995); T.N. *Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 455 (W.D.N.C. 1991); *Blake Assocs.*, 118 F.R.D. at 289-90; *Am. Rockwool*, 109 F.R.D. at 266. Here, Defendant refers broadly to all documents produced in response to requests for production of documents by Plaintiff. Clearly, Defendant has not met its duty of specificity in order to rely on RCFC 33(d) in answering Plaintiff's interrogatories.

*AAB Joint Venture v. U.S.*, 75 Fed. Cl. 448 (2007) (decided under RCFC 33(d) but relying upon parallel provisions of Fed. R. Civ. P. 33(d)).

A party that responds to an interrogatory under the provisions of Rule 33(d) abuses this provision by simply directing the interrogating party to a mass of business records or offers to make all of their records generally available. *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993); Fed. R. Civ. P. 33, advisory committee's note. Additionally, a responding party cannot "foist a mass of records on his interrogator when there deciphering is feasible only for one familiar with the records." *Compagnie Francaise*, 105 F.R.D. at 44. Even the production of a small number of documents can create an unequal burden when the contents of the documents are not clear to the interrogating party. See, e.g., *Secs. & Exch. Comm'n v. Tellco Info. Servs.*, No. 79 Civ. 6649, 1981 U.S. Dist. LEXIS 15268, at *6 (S.D.N.Y. Oct. 16, 1981); *Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008).

## RESPONSES TO REQUESTS FOR PRODUCTION

Request for Production No. 1 asks for all documents pertaining to Marie Woody possessed by defendant. Defendant objects that the request is overly broad and not relevant. The defendant further objects that documents sought were prepared in

16

anticipation of litigation and are not discoverable. Further objection is made that some of the documents are protected from disclosure by the "peer review privilege and the self-critical or self-evaluation privilege." The only citation to law about these claimed privileges is NMSA 1978 §41-9-5. These boilerplate objections are not valid because the defendant provided no privilege log and has not shown that the privileges and claimed protection from discovery apply.

Request for Production No. 2 seeks all billing and cost records for Marie Woody's medical care related to her surgery and the injury she experienced while a patient at NNMC. Defendant objects that the request is overly broad and unduly burdensome, repeating its boilerplate litany. It objects also that the documents are equally available to plaintiff, ignoring that the defendant provides care to Native Americans under various programs that it controls and manages, and ignoring that there is a difference between amounts billed and amounts paid, and also ignoring the complicated formulas that govern payment and discount rates for billing. The collateral source rule governs in New Mexico and so it is imperative for plaintiff to learn of the total amounts billed for her care, not just the discounted amounts paid.  It is telling that defendant says plaintiff went to Chinle and Four Corners Regional, which are federal facilities owned and operated by the government, as if the fact of plaintiff's attendance at other federal facilities removes the government's obligation to respond.

Request for Production No. 3 seeks policies, procedures, rules, regulations, guidelines, standards, etc. that applied at NNMC. Defendant objected that the request is overly broad, unduly burdensome, and compound. Defendant objects that plaintiff seeks "both internal and external guidelines . . . encompassing every aspect of a provider['s]

care." Defendant is straining at trying to make a straightforward request a gargantuan monster. The request seeks, essentially, policies and procedures, and other guidelines and standards that applied at NNMC as to specific, narrowly drawn aspects of medical practice, particularly as to biliary surgery. That should not be very difficult. The defendant again reserves its objection and provides a sampling of documents, about 40 pages. This is not adequate. The Joint Commission, which accredits hospitals, requires extensive written policies and procedures. One would not know that based on the paltry production here. Also, how can plaintiff know what is being withheld, when the defendant makes a perfunctory objection and turns over a few pages?

Request for Production No. 4 seeks Dr. Higgins's personnel files. Defendant objects to this request on the grounds of irrelevancy and privacy. Those objections are not adequate. Dr. Higgins's CV is not adequate. It is skeletal and does not contain the kinds of information a personnel file would contain. Such files are discovered all the time in various kinds of litigation. If privacy is an issue, plaintiff will agree to limit the disclosure of the files and will maintain their confidentiality. Plaintiff's counsel has worked out agreements on this score in other cases and will do so here if the court finds the information to be subject to discovery.

Request for Production No. 6 asks for statements made by employees and contract employees at NNMC about Marie Woody and the issues in this case. Defendant objects on the grounds of relevance and "peer review privilege . . . and the self-critical or self-evaluation privilege. Defendant adds ambiguously that it objects on the "attorney client/work product doctrines," failing to be specific as to what it is claiming and failing to provide any kind of privilege log, thereby waiving the objection.

Statements about the issues in this case are manifestly relevant and discoverable. It is not sufficient, again, to refer to a mass of records without any specific guidance as to what would be found that is responsive. To object and then refer to a large number of unspecified records in response fails both to object adequately and answer adequately.

Request for Production No. 7 asks for peer review documents, including the documents and information reviewed by the peer review committee. Defendant claims in boilerplate fashion that the request is irrelevant and also that it violates "the peer review privilege . . . and the self-critical or self-evaluation privilege. Again, citation is made to the state statute NMSA 1978 §41-9-5, which does not apply here. Moreover, even under New Mexico law the materials looked at by a peer review committee are discoverable, even if the deliberative documents are not. Defendant has waived any claim of privilege by not providing a privilege log.

Request for Production No. 9 seeks all documents from NNMC in other claims, including FTCA claims, about negligence in the performance of a cholycystectomy during the last ten years. Defendant objects that the request is not relevant, is overbroad, and seeks information about other surgeons who are not being sued in this case. The request is obviously relevant, especially if there is a pattern and practice of malpractice in the performance of cholecystectomies at NNMC. The discovery needs to be allowed in order to look into that. Counsel for plaintiff has had several such cases and has one other case in litigation now in U.S. district court involving a cholecystectomy done at NNMC.

Request for Production No. 11 seeks information about lawsuits in the last ten years for malpractice at NNMC in cholecystectomy cases. This request is also obviously

proper in order to ascertain the extent of the problem with botched gall bladder surgeries and to put this case in a proper context. The request is narrowly constructed. Dr. Higgins has been at NNMC for several years, since 2007, and plaintiff should be allowed to learn about other, similar cases, and what was done or not done to remedy the problem. The objection of lack of relevance and of the lack of a claim for punitive damages are not substantial objections.

Request for Production No. 14 asks about learned treatises and medical articles that bear upon the standard of care that existed for laparoscopic cholecystectomies at NNMC at the time of the subject incident. It is objected to as overly broad and unduly burdensome. Defendant also objects that plaintiff is trying to get defendant to conduct medical research. Plaintiff is not doing that, but is trying to ascertain what treatises and medical articles were known and used at the time of the surgery, so that they might be used to shed light on the standard of care that existed and the standard of care as it was recognized at NNMC by medical staff and administrators. This request should be allowed and the objection overruled.

Request for Production No. 16 seeks the documents reviewed during the administrative evaluation of plaintiff's claim. Defendant objects on the grounds of overbreadth and "peer review privilege . . . and the self-critical or self-evaluation privilege." Defendant then provides some records without waiving its objections. No privilege log was provided, however, so it is impossible to test the claim of privilege and to know what might be wrongfully withheld. Because no log was provided, the objection is waived.

<u>CONCLUSION</u>

For all of the foregoing reasons, plaintiff respectfully asks the court, pursuant to Rule 37, to grant its motion to compel further and more complete responses to discovery from the defendant, despite defendant's numerous objections. Concurrence of defendant to this motion was sought by plaintiff and defendant indicated it would oppose the motion.

Respectfully submitted,

BARBER & BORG, LLC

*/s/ Scott E. Borg*_____
Scott E. Borg
P.O. Box 30745
Albuquerque, NM  87190
(505) 884-0004

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on April 17, 2015, the individual listed below was served via CM/ECF notification with the foregoing pleadings:

Erin Langenwalter, Esq.
Assistant U.S. Attorney – District of New Mexico
erin.langenwalter@usdoj.gov

*/s/ Scott E. Borg*____