IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIE WOODY,**

    **Plaintiff,**

v.                                                  No. CIV-14-0691 MV/LAM

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel (Doc. 34)*, filed April 17, 2015. Defendant filed a response to the motion on May 4, 2015 [*Doc. 37*], and Plaintiff filed a notice of completion of briefing on June 2, 2015 [*Doc. 44*]. Having considered the motion, response, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

Plaintiff alleges that Defendant is liable for negligent acts and omissions of personnel at the Northern Navajo Medical Center ("NNMC"). [*Doc. 1*]. In her motion to compel, Plaintiff contends that Defendant failed to adequately respond to discovery requests by using boilerplate objections such as that the requests are overbroad, unduly burdensome, and irrelevant. [*Doc. 34* at 2]. Plaintiff also contends that Defendant has improperly refused to give information about persons who are not specifically alleged to have been at fault. *Id.* at 3. Finally, Plaintiff contends that Defendant also has improperly referred Plaintiff to over 1500 pages of documents without stating where complete answers can be found within the documents. *Id.* For these

reasons, Plaintiff contends that Defendant's responses to the following discovery requests are insufficient: Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, and 14; and Request for Production ("RFP") Nos. 1, 2, 3, 4, 6, 7, 9, 11, 14, and 16.  *Id.* at 6-20.

In response, Defendant contends that its objections to Plaintiff's discovery requests are specific and valid, and that Defendant sufficiently responded to Plaintiff's discovery requests. [*Doc. 37* at 2 and 5-18].  Defendant also contends that Plaintiff failed to adequately confer with Defendant prior to filing her motion to compel (*id.* at 2-3), and that Plaintiff's motion to compel is untimely because it was filed more than 21-days after Defendant responded to Plaintiff's discovery requests (*id.* at 4, n.1).

First, the Court finds that Plaintiff sufficiently complied with Local Rule 7.1(a) which requires a party to determine whether a motion is opposed and to make a good-faith request for concurrence.  While Defendant contends that Plaintiff did not confer in good faith with the goal of resolving the disputes or avoiding the need to file a motion to compel (*see Doc. 37* at 2-3), the e-mail sent by Plaintiff's counsel to Defendant's counsel on April 15, 2015 at 1:20 p.m. states which objections and discovery responses Plaintiff found insufficient, why Plaintiff believed the objections and responses were not valid, and asked counsel for Defendant if she concurred in the motion (*see Doc. 37-3*, Exhibit C, at 1).  Since Defendant responded that it did not concur and did not offer to provide any additional information (*see id.*), the Court finds that Plaintiff adequately complied with Local Rule 7.1(a) by asking for Defendant's position on her motion.

Next, the Court finds that Plaintiff's motion to compel is timely under Local Rule 26.6, which requires that a motion to compel must be filed within 21 days of service of an objection. While Defendant contends that the motion is untimely because it was filed more than 21 days after Defendant served its discovery responses on March 26, 2015 (*see Doc. 37* at 4, n.1), the discovery responses attached to Plaintiff's motion states that they were served on Plaintiff on March 27, 2015

(*see Doc. 34-6* at 6). Based on the March 27, 2015 date, Plaintiff's motion was timely filed 21 days later on April 17, 2015.

With regard to Plaintiff's contentions that Defendant improperly objected to Plaintiff's discovery requests by using boilerplate objections and referring to large amounts of documents (*see Doc. 34* at 2-6), the Court finds that Defendant's objections were not improper. In contrast with Plaintiff's contention that Defendant relied on boilerplate objections, Defendant's responses, instead, set forth adequate explanations regarding why it was objecting to each discovery request. *See, e.g.*, [*Doc. 34-4* at 1-2 and 4] (Defendant's responses to Interrogatory Nos. 1 and 3, which explain why Defendant found the requests to be overbroad). Moreover, Defendant proceeded to respond to each discovery request with information that it believed was relevant and responsive, and referred Plaintiff to documents by using specific Bates numbers. For these reasons, the Court finds that Defendant did not improperly object to Plaintiff's discovery requests.

The Court next considers whether Defendant's responses to the disputed discovery requests are sufficient. The Court notes that, because Plaintiff did not file a reply to her motion to compel, it is not clear whether any of her disputed requests are now moot in light of Defendant's response to the motion to compel. Assuming all of the requests set forth in Plaintiff's motion are still disputed, the Court finds that Defendant's responses are sufficient and Plaintiff's motion shall be denied as to each disputed discovery request, except as to Interrogatory No. 1, as set forth below:

**Interrogatory No. 1**: This request asks Defendant to identify each person who was in the operating room at the time of the incident and each person who provided care to Plaintiff while she was at NNMC during and after her surgery. [*Doc. 34-4* at 1]. Defendant objected that the question was "overbroad and unduly burdensome to the extent that Plaintiff seeks an exhaustive list of all individuals who may have provided monitoring or other care during Plaintiff's

3

post-operative stay" because "Plaintiff does not allege that care provided by any such employee was below the standard of care or in any manner contributed to Plaintiff's damages." *Id.* at 1-2. Defendant then provided information for the individuals who were present during Plaintiff's surgery, and directed Plaintiff to the medical records produced by Defendant in response to RFP No. 1. *Id.* at 2. The Court finds that this response is not adequate because Plaintiff does allege that the care of staff at NNMC after her operation fell below applicable standards of care. *See* [*Doc. 1* at 5, ¶ 37(b)]. Therefore, the Court will grant Plaintiff's motion as to this request and will require Defendant to provide the names, titles, and current business addresses of persons who provided care to Plaintiff during her post-operative stay. The Court will not require Defendant to provide home or previous business addresses of these individuals as requested by Plaintiff (*see Doc. 34* at 6), however, because Plaintiff fails to explain why this information is necessary.

**Interrogatory No. 2**: The Court finds that Defendant's response to Interrogatory No. 2 is sufficient (*Doc. 34-4* at 3), especially since Defendant explained in its response to the motion to compel that Dr. Higgins' curriculum vitae is up to date and that her board certifications are addressed in Defendant's response to Interrogatory No. 3 (*Doc. 37* at 8).

**Interrogatory No. 3**: The Court finds that Defendant's response to Interrogatory No. 3 is also sufficient (*Doc. 34-4* at 3), and notes that Defendant explains in response to the motion to compel that Dr. Higgins has never failed any board certification and that Defendant has no other responsive information (*Doc. 37* at 8).

**Interrogatory Nos. 4, 6, 7, 9, 10, 12 and 14, and RFP Nos. 2 and 3**: The Court finds that Defendant's responses to these requests are sufficient because Defendant states that it has produced all relevant and responsive information to these requests that is in its possession, custody or control, and Plaintiff fails to make any showing that Defendant has withheld any information. *See* [*Doc. 37* at 8-12 and 14-15].

4

**Interrogatory No. 8 and RFP Nos. 4, 7, 9, 11 and 16**:   The Court finds that Plaintiff's motion should be denied as to these requests because Plaintiff fails to explain how prior claims against Dr. Higgins, Dr. Higgins' personnel file, and information regarding other complaints, lawsuits, and peer review documentation are relevant to the claims or defenses in this case, especially since Plaintiff does not allege a pattern or practice of deficient care or supervisory liability.

**Interrogatory No. 11 and RFP No. 14**:  The Court agrees with Defendant that these requests prematurely seek expert testimony and will allow Defendant to supplement its answers to these requests with its expert report production.  *See* [*Doc. 34-4* at 8], [*Doc. 34-6* at 4], and [*Doc. 37* at 11-12 and 17-18].

**RFP Nos. 1 and 6**:   Finally, the Court finds that the privilege log that Defendant provided in response to Plaintiff's motion to compel (*Doc. 37-4*, Exhibit D) appears to address the issues raised by Plaintiff with regard to RFP Nos. 1 and 6 (*see Doc. 37* at 13 and 17).  However, the Court notes that Defendant should have produced this privilege log when it responded to Plaintiff's discovery requests in compliance with Fed. R. Civ. P. 26(b)(5)(A), and the Court cautions counsel to provide a privilege log in a timely manner in the future.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Plaintiff's *Motion to Compel (Doc. 34)* is **GRANTED in part** and **DENIED in part** as follows:

(1)   Plaintiff's motion is **GRANTED** as to Interrogatory No. 1, and, **within ten (10) days of entry of this Order**, Defendant shall provide a supplemental response to Interrogatory No. 1, as set forth above; and

(2)   Plaintiff's motion is **DENIED** as to the remaining disputed discovery requests.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**