IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIE WOODY,**

      **Plaintiff,**

**v.**                                              **No. CIV-14-0691 MV/LAM**

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

## **ORDER DENYING MOTION TO RE-OPEN DISCOVERY**

**THIS MATTER** is before the Court on *Plaintiff's Motion to Re-Open Discovery (Doc. 50)*, filed August 3, 2015. Defendant filed a response to the motion on August 17, 2015 [*Doc. 51*], and Plaintiff filed a reply on August 31, 2015 [*Doc. 52*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **DENIED**.

In her motion, Plaintiff notes that discovery in this case closed on July 15, 2015, and asks the Court to reopen discovery for 90 days until October 28, 2015. [*Doc. 50* at 1]. Plaintiff states that she "would like to submit Requests for Admissions regarding the authenticity and genuineness of [P]laintiff's medical records, that the bills were incurred as a result of the care and treatment received by [P]laintiff, and that the bills were reasonable and necessary." *Id.* Plaintiff states that this discovery "would help expedite the trial in this matter because [P]laintiff would not have to call the records custodians for each facility from which [P]laintiff received medical services related to the injuries she received in the incident that is the subject of this lawsuit." *Id.* Plaintiff states that she "also would like to obtain further depositions from lay witnesses and employees of

the Indian Health Service, especially persons identified as being present during the subject surgery."  *Id.*  Plaintiff states that no trial has been set, so extending the discovery deadline would not interfere with a trial setting.  *Id.* at 2.

In response, Defendant contends that Plaintiff's motion is untimely under Rule 6(b)(1) because it comes two weeks after the expiration of the discovery deadline, and Plaintiff fails to set forth a reason for finding excusable neglect for failing to file her motion before this deadline. [*Doc. 51* at 1-2].  Defendant further contends that it will be unfairly prejudiced if discovery is reopened because counsel for Defendant is already scheduling other matters during the requested extended discovery period, reopening discovery would require Defendant to expend additional time and expenses on this matter, and Plaintiff has not identified any necessary discovery that was not foreseeable during the original discovery period.  *Id.* at 2.

In reply, Plaintiff states that the "main reason" for her request to obtain additional depositions "is to preserve testimony for trial," and that "[t]rial is a long way off."  [*Doc. 52* at 1]. Plaintiff states that she seeks deposition testimony from "only a few people," and that she "seeks to obtain testimony while memories are relatively fresh."  *Id.* at 2.  Plaintiff also contends that Defendant will not be prejudiced by the reopening of discovery.  *Id.*

The Scheduling Order, entered in this case on December 10, 2014, placed this case on a 210-day track, setting the termination date for discovery on July 15, 2015, and states that "discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause."  [*Doc. 8* at 1].  The Court finds that Plaintiff has made no such showing.  Plaintiff fails to explain why she did not obtain the discovery she now seeks prior to the close of discovery, especially since she had at least seven (7) months in which to do so from entry of the scheduling order.  Plaintiff makes no showing that she was unaware of the requested discovery prior to July 15, 2015 when discovery closed -- instead, Plaintiff states that

2

she would now like to authenticate medical records and obtain deposition testimony to preserve trial testimony because the trial may not be set for a long time. However, regardless of when the trial is set, Plaintiff could have authenticated her medical records and preserved this trial testimony at any time within the seven (7) months that the discovery period was open. Plaintiff provides no authority for her contention that she should be allowed to submit additional discovery requests and take additional depositions after the close of discovery based on her understanding that the trial in this case may not be set for a while. Instead, it appears that, in other cases, untimely depositions were allowed when the party made a showing that the deponent was going to be unavailable for trial. *See, e.g., Mathews v. Denver Newspaper Agency LLP,* Civil Action No. 07-cv-02097-WDM-KLM, 2009 WL 112819, at *2 (D. Colo. Jan. 15, 2009) (unpublished) (allowing an untimely trial deposition because the witness was moving to India and would be unavailable for trial); and *Estenfelder v. Gates Corp.,* Civ.A. No. 99-D-896, 199 F.R.D. 351, 352 (D. Colo. 2001) (allowing the depositions of four witnesses as "preservation depositions" because the witnesses lived in Europe, could not be compelled by subpoena to attend trial, and could not be relied upon to appear at trial). Plaintiff does not state that her potential deponents will be unavailable for trial, or even that there is a likelihood of such unavailability. *See* [*Doc. 52* at 2] ("There is no reason why these persons could not provide testimony at trial, if available, but with trial a long ways off there is no guarantee of availability. If for some reason a witness cannot make it to trial, this would in fact cause prejudice to plaintiff."). Therefore, Plaintiff's reason for taking these depositions is speculative, at best. Again, the same reasons for taking these depositions existed within the seven (7) month discovery period. Moreover, Plaintiff fails to state how many depositions she wants to take, the names of whom she intends to depose if discovery is reopened, or why they may not be available for trial. For these reasons, the Court finds that Plaintiff has had ample time to engage in discovery, has not identified any necessary discovery that

was not foreseeable during the original discovery period, and, therefore, has failed to show good cause for reopening the discovery period in this case. *See, e.g., Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Svcs. North America, L.L.C.*, No. 03 C 760, 2004 WL 3021842, at *6 (N.D. Ill. Dec. 30, 2004) (unpublished) (denying the plaintiffs' motion to compel additional evidence, which was filed four days before the close of discovery, in part because it raised issues that were well known to the plaintiffs for over one year, and explaining that the plaintiffs "must endure the harsh results of [their] tactical decision" to delay their discovery efforts).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Re-Open Discovery (Doc. 50)* is **DENIED.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**